IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
ROANOKE DIVISION

| | | |
|---|---|---|
| JUNIUS L. WATKINS, | ) | |
|     Petitioner | ) | Civil Action No. 7:12cv00255 |
| | ) | |
| v. | ) | **MEMORANDUM OPINION** |
| | ) | |
| DIRECTOR, VDOC, | ) | By: Norman K. Moon |
|     Respondent. | ) | United States District Judge |

Petitioner Junius L. Watkins, a Virginia inmate proceeding *pro se*, filed this petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254. Watkins argues that the counsel provided ineffective assistance on four grounds. The Virginia Supreme Court found that all of Watkins' claims failed either legally or factually. I find that the state court's adjudication of those claims was not contrary to, or an unreasonable application of, clearly established federal law and did not result in a decision that was based on an unreasonable determination of the facts. Therefore, I will grant respondent's motion to dismiss.

**I.**

After pleading guilty, Watkins was convicted in the Pittsylvania County Circuit Court of possessing cocaine with the intent to distribute, possessing marijuana with the intent to distribute, and possessing a firearm as a convicted felon. The court sentenced Watkins to a total term of 35 years incarceration, with 22 years of that time suspended. Watkins, by counsel, appealed, arguing that the trial court erred in imposing Watkins' sentence and failing to consider assistance that Watkins had provided to state law enforcement concerning pending investigations. The Court of Appeals of Virginia found that the trial court had not abused its discretion and, therefore, denied Watkins' appeal. The Supreme Court of Virginia granted Watkins leave to file a belated appeal, but, after reviewing the record and considering argument

submitted in support of and in opposition to the appeal, ultimately refused his petition. Watkins then filed a timely habeas petition in the Supreme Court of Virginia alleging that:

> 1. Counsel was ineffective for failing to argue that the sentence the court imposed was not the sentence that Watkins and counsel "had agreed upon before reaching a plea agreement";
>
> 2. Counsel was ineffective for failing to present evidence or have a "strategy" to support the motion to reconsider Watkins' sentence;
>
> 3. Counsel was ineffective for failing to raise the issue of Watkins' sentence on direct appeal;
>
> 4. Counsel was ineffective for failing to ask for a continuance because a subpoenaed witness was not present to testify on behalf of Watkins;
>
> 5. Counsel was ineffective in failing to present mitigating evidence during sentencing;
>
> 6. Counsel was ineffective in failing to appeal the Court of Appeals' decision to the Supreme Court of Virginia; and
>
> 7. Counsel was ineffective in coercing Watkins to plead guilty.

The court dismissed Watkins' habeas petition, finding that Claims 1, 4, and 5 failed under *Strickland v. Washington*, 466 U.S. 668 (1984), that Watkins was not entitled to the assistance of counsel concerning Claim 2, and that Claims 3, 6, and 7 failed factually.

Watkins filed the instant § 2254 federal habeas petition, raising Claims 1, 2, 3, and 5 from his state habeas petition. The court served Watkins' petition upon the respondent, and this matter is before me on respondent's motion to dismiss.

**II.**

Watkins alleges that counsel provided ineffective assistance in failing to argue that the sentence the trial court imposed was not the sentence that Watkins and counsel "had agreed upon before reaching a plea agreement" and in failing to present mitigating evidence during sentencing. The Supreme Court of Virginia adjudicated and rejected these claims, finding that

2

they failed under *Strickland*. I find that the state court's adjudication of these claims was not contrary to, or an unreasonable application of, clearly established federal law and did not result in a decision that was based on an unreasonable determination of the facts.[1] Accordingly, I will dismiss these claims.

In order to establish a claim of ineffective assistance of counsel, a habeas petitioner must show that counsel's performance was deficient and that the deficiency prejudiced his defense. *Strickland*, 466 U.S. at 687. To establish deficient performance, a petitioner must demonstrate that counsel's representation "fell below an objective standard of reasonableness." *Id.* at 688. There is a strong presumption that an attorney is acting reasonably. *Id.* at 688-89. To establish prejudice to his defense, a petitioner must demonstrate that but for his attorney's errors, there is a reasonable probability that the outcome of the trial would have been different. *Id.* at 694. A "reasonable probability" is a "probability sufficient to undermine confidence in the outcome." *Id.* In the context of a guilty plea, "in order to satisfy the 'prejudice' requirement, the defendant must show that there is a reasonable probability that, but for counsel's errors, he would not have pleaded guilty and would have insisted on going to trial." *Hill v. Lockhart*, 474 U.S. 52, 58 (1985).

---

[1] Watkins' petition is governed by 28 U.S.C. § 2254 and chapter 154 of the Antiterrorism and Effective Death Penalty Act ("AEDPA"). 28 U.S.C. §§ 2261-66. In almost all circumstances, petitioners under § 2254 must exhaust all available state court remedies before seeking relief in federal court. § 2254(b). When reviewing a claim adjudicated on the merits by a state court a federal court may grant habeas relief only if the state court adjudication (1) "resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States," or (2) "resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the state court proceeding." §§ 2254(d)(1), (d)(2). A state court's adjudication is considered contrary to clearly established federal law if the state court arrives at a conclusion opposite to that reached by the Supreme Court on a question of law or if the state court decides a case differently than the Supreme Court has on a set of materially indistinguishable facts. *Williams v. Taylor*, 529 U.S. 362, 412-13 (2000). A state court decision unreasonably applies clearly established federal law if the court identifies the correct legal principle, but unreasonably applies it to the facts of the case. *Id.* at 413. It is not enough that a state court applied federal law incorrectly; relief may only be granted if the application of federal law is unreasonable. *Id.* at 411. Factual determinations made by the state court are "presumed to be correct," and the petitioner has the burden of rebutting that presumption of correctness by "clear and convincing evidence." § 2254(e)(1).

When evaluating claims of ineffective assistance of counsel, federal habeas relief "may be granted only if the state-court decision unreasonably applied the more general standard for ineffective-assistance-of-counsel claims established by *Strickland* . . . ." *Knowles v. Mirzayance*, 129 S. Ct. 1411, 1419 (2009). "Under the doubly deferential judicial review that applies to a *Strickland* claim evaluated under the § 2254(d)(1) standard," "[t]he question 'is not whether a federal court believes the state court's determination' under the *Strickland* standard 'was incorrect but whether that determination was unreasonable – a substantially higher threshold.'" *Id.* at 1420 (quoting *Schriro v. Landrigan*, 550 U.S. 465, 473 (2007)). "And, because the *Strickland* standard is a general standard, a state court has even more latitude to reasonably determine that a defendant has not satisfied the standard." *Id.*

Watkins claims that counsel provided ineffective assistance in failing to argue that the sentence the trial court imposed was not the sentence that he and counsel "had agreed upon before reaching a plea agreement." In adjudicating this claim on habeas review, the state court noted that the record demonstrated that Watkins represented to the trial court that he understood that he could receive a maximum possible sentence of 55 years and that no one had made any promises to him concerning his guilty pleas. Therefore, the state court found that Watkins had not demonstrated that counsel's performance was deficient or that there was a reasonable probability that, but for counsel's alleged error, he would have pleaded not guilty and would have proceeded to trial.

"[A] defendant's solemn declarations in open court affirming [a plea] agreement . . . 'carry a strong presumption of verity,' because courts must be able to rely on the defendant's statements made under oath during a properly conducted Rule 11 plea colloquy." *United States v. Lemaster*, 403 F.3d 216, 221 (4th Cir. 2005), (quoting *Blackledge v. Allison*, 431 U.S. 63, 74

4

(1977); and citing *United States v. Bowman*, 348 F.3d 408, 417 (4th Cir. 2003)).  Because the declarations carry such a presumption, they present a formidable barrier in any subsequent collateral proceedings. *United States v. White*, 366 F.3d 291, 295-96 (4th Cir. 2004) (quoting *Blackledge*, 431 U.S. at 74).  Accordingly, I find that based on the record before me, the state court's adjudication of Watkins' claim was not contrary to, or an unreasonable application of, clearly established federal law and was not based on an unreasonable determination of the facts. Accordingly, I will dismiss this claim.

Watkins claims that counsel was ineffective in failing to present mitigating evidence at sentencing.  Specifically, Watkins claims that counsel failed to present evidence that Watkins cooperated with the state law enforcement officials in several pending investigations.  In adjudicating this claim on habeas review, the state court found that the record demonstrated that, at trial, counsel "called Sheriff Michael W. Taylor, who acknowledged that [Watkins] had assisted the sheriff's office as a confidential informant."  Sheriff Taylor also testified that Watkins had assisted the Virginia State Police in another investigation.  Accordingly, the state court determined that Watkins had not demonstrated that counsel's performance was deficient or that there was a reasonable probability that, but for counsel's alleged error, he would have pleaded not guilty and would have proceeded to trial.  Based on the record before me, I find that the state court's adjudication of Watkins' claim was not contrary to, or an unreasonable application of, clearly established federal law and was not based on an unreasonable determination of the facts and, thus, I will dismiss this claim.

### III.

Watkins argues that counsel was ineffective in failing to present evidence or have a "strategy" during a hearing on his motion for reconsideration.  The Supreme Court of Virginia

adjudicated and rejected this claim, finding that it failed because Watkins was not entitled to the effective assistance of counsel at this stage of his proceeding. I find that the state court's adjudication of this claim was not contrary to, or an unreasonable application of, clearly established federal law and did not result in a decision that was based on an unreasonable determination of the facts. Accordingly, I will dismiss this claim.

The right to effective assistance of counsel exists only where the right to counsel exists in the first place. *Wainwright v. Torna*, 455 U.S. 586, 587-88 (1982). The Supreme Court has found that the right to counsel extends only to the first appeal as of right. *Evitts v. Lucey*, 469 U.S. 387, 394 (1985). Inasmuch as a motion to reconsider Watkins' sentence was not an "integral part of the system for finally adjudicating [his] guilt or innocence," *id.*, I find that the state court's adjudication of Watkins' claim was not contrary to, or an unreasonable application of, clearly established federal law and was not based on an unreasonable determination of the facts. Therefore, I will dismiss this claim.

### IV.

Watkins argues that counsel was ineffective in failing to raise the issue of Watkins' sentence on direct appeal. The Supreme Court of Virginia adjudicated and rejected this claim, finding that it failed because it had no factual merit. I find that the state court's adjudication of this claim was not contrary to, or an unreasonable application of, clearly established federal law and did not result in a decision that was based on an unreasonable determination of the facts. Accordingly, I will dismiss this claim.

In adjudicating this claim on habeas review, the state court found that the record demonstrated that counsel did raise the issue of Watkins' sentence on appeal. In fact, the only issue raised on direct appeal concerned Watkins' sentence. Inasmuch as there is no factual

support for Watkins' habeas claim, I find that the state court's adjudication of Watkins' claim was not contrary to, or an unreasonable application of, clearly established federal law and was not based on an unreasonable determination of the facts. Therefore, I will dismiss this claim.

## V.

For the reasons stated herein, I will grant respondent's motion to dismiss Watkins' § 2254 petition.

The Clerk is directed to send a copy of this memorandum opinion and the accompanying order to the parties.

ENTER: This 3rd day of January, 2013.

_____
NORMAN K. MOON
UNITED STATES DISTRICT JUDGE